IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| INNERLIGHT HOLDINGS, INC., <br><br> Plaintiff, <br><br><br> vs. <br><br><br> WILLIAM J. REILLY, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING THE REILLY DEFENDANTS' MOTION FOR EXTENSION OF TIME <br><br><br><br><br><br> Case No. 2:10-CV-345 TS |

This matter is before the Court on the Reilly Defendants' Motion for Extension of Time to File an Answer or Otherwise Respond to the Complaint. For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

Defendants William J. Reilly, Daniel P. Reilly, Shannon P. Reilly, Ashworth Development LLC, Beachview Associates, Inc., Doylestown Partners, Inc., and Shamrock Equities, Inc. (the Reilly Defendants) removed this action from state court on April 19, 2010. On April 21, 2010, Plaintiff filed a Motion to Remand, seeking to remand this case to state court,

1

arguing that all Defendants had not joined in the removal of this action. Defendants oppose that Motion.

On April 22, 2010, the Reilly Defendants filed the instant Motion, seeking until May 6, 2010, to answer or otherwise respond to Plaintiff's Complaint. In that Motion, the Reilly Defendants represented that they had only recently obtained counsel and that additional time was needed in order to appropriately respond to Plaintiff's Complaint. The Reilly Defendants indicated that they intended to file a motion to dismiss based on the absence of personal jurisdiction. Plaintiff opposes this Motion.

On April 30, 2010, some of the Reilly Defendants—specifically, Daniel P. Reilly, Shannon P. Reilly, Ashworth Development LLC, Beachview Associates, Inc., and Shamrock Equities, Inc.—filed a Motion to Dismiss For Lack of Personal Jurisdiction. Defendant William J. Reilly has filed an answer.

## II. DISCUSSION

Plaintiff opposes the Reilly Defendants' Motion for various reasons. First, Plaintiff argues that since removal of this action was defective, the Court should not rule on any motions that the Reilly Defendants may file. While Plaintiff is correct that, customarily, "a federal court first resolves doubts about its jurisdiction over the subject matter" the Supreme Court has held that "there is no unyielding jurisdictional hierarchy."[1] Thus, there are circumstances in which a

---

[1] *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999).

court may determine issues of personal jurisdiction before it determines issues of subject matter jurisdiction.[2]

Plaintiff further argues that the Reilly Defendants are not entitled to relief under Federal Rule of Civil Procedure 6(b)(1). Rule 6(b)(1) provides:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.[3]

In determining whether a party's neglect is excusable, the Court considers: (1) the danger of prejudice to the opposing party, (2) the length of delay caused by the neglect and its impact on judicial proceedings, (3) the reason for delay, and whether it was in the reasonable control of the moving party, and (4) the existence of good faith on the part of the moving party.[4]

In considering these factors, the Court finds that the Reilly Defendants have made a showing, though a weak one, of excusable neglect. First, Plaintiff has alleged no prejudice. Second, the length of delay was short and has had no impact on these proceedings. Third, as explained in the Motion, the Reilly Defendants need additional time to respond because they did not obtain counsel until recently. Finally, there is no evidence of bad faith on behalf of the Reilly

---

[2]*Id*.

[3]Fed.R.Civ.P. 6(b)(1).

[4]*United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (analyzing the excusable neglect standard in the context of Federal Rule of Appellate Procedure 4(b)(4), where the party filed an untimely notice of appeal); *see also Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005) (applying the Torres standard to a claim of excusable neglect under Federal Rule of Civil Procedure 6(b)).

Defendants. For these reasons, the Court will grant the Reilly Defendants' Motion. Plaintiff's concerns about Defendants appearances is better addressed in the now-pending Motion to Dismiss.

## III. CONCLUSION

It is therefore

ORDERED that the Reilly Defendants' Motion for Extension of Time to File an Answer or Otherwise Respond to the Complaint (Docket No. 7) is GRANTED.

DATED   May 6, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge