IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| INNERLIGHT HOLDINGS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> WILLIAM J. REILLY, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND <br><br><br> Case No. 2:10-CV-345 TS |

This matter is before the Court on Plaintiff's Motion for Remand. For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

This matter was originally commenced in state court on or about March 16, 2010. Defendants William J. Reilly, Daniel P. Reilly, Shannon P. Reilly, Ashworth Development LLC, Beachview Associates, Inc., Doylestown Partners, Inc., and Shamrock Equities, Inc. (collectively, the "Reilly Defendants") removed the action to this Court on April 19, 2010. At that time, the other Defendants did not join in or consent to the removal. Subsequently, Defendants Louis Gleckel, Sheryl Wulkan (a.k.a. Sheryl Gleckel), Jareb Gleckel, and Emma Gleckel (collectively,

1

the "Gleckel Defendants") consented to the removal of this matter. The Gleckel Defendants have since withdrawn their consent. Defendant George Hawes has consented to removal. Defendants Robert Mirabito and POP Holdings, LTD have not consented to removal, though there is some question as to whether these two Defendants have been properly served.

II. DISCUSSION

The Tenth Circuit has stated that "there is a presumption against removal jurisdiction."[1] Further, "[r]emoval statutes are to be strictly construed . . . and all doubts are to be resolved against removal."[2] "[I]t is well established that all defendants in a multi-defendant case must join in the petition for removal."[3] "'The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal.'"[4]

Here, not all properly served Defendants have consented to removal of this action. Specifically, the Gleckel Defendants no longer consent to removal. As not all Defendants have consented to removal, remand is proper. However, the Court will not order the Reilly

---

[1] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[2] *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

[3] *Jarvis v. FHP of Utah, Inc.*, 874 F.Supp. 1253, 1254 (D. Utah 1995).

[4] *Harper v. AutoAlliance Int'l Inc.*, 392 F.3d 195, 201 (6th Cir. 2004) (quoting *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n. 3 (6th Cir.1999)); *see also Jarvis*, 874 F.Supp. at 1254 (stating that rule of unanimity requires that "each defendant officially and unambiguously consent to a removal petition filed by another defendant, within thirty (30) days of receiving the complaint.").

2

Defendants to pay Plaintiff's costs, expenses, and attorney fees incurred as a result of the removal, as requested by Plaintiff.

III.  CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Plaintiff's Motion for Remand (Docket No. 3) is GRANTED.  This case shall be remanded to the Fourth Judicial District Court of the State of Utah.  The hearing set for August 24, 2010, is STRICKEN.

DATED   June 17, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge